

Michael J. Barrie
39 Broadway, 25th Floor
New York, NY 10006-3039
Direct Dial:  302.442.7068
Fax:  302.442.7012
mbarrie@beneschlaw.com

July 24, 2019

**VIA CM/ECF and FEDERAL EXPRESS**

The Honorable J. Paul Oetken
United States District Judge
United States District Court for the Southern
    District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>   Re:   *Taylor Sollinger v. SmileDirectClub*, LLC; C.A. No.: 1:19-cv-05977 / Agreed Extension of Deadlines

Dear Judge Oetken:

We represent defendant SmileDirectClub ("SDC") in in the above-referenced matter and are writing to respectfully request the extension of initial pleading deadlines as set forth below. We have corresponded with counsel to Mr. Sollinger ("Plaintiff") and Plaintiff's counsel agrees with the relief requested herein.

Plaintiff effectuated service of the Complaint upon the Secretary of State for the State of New York on or around July 3, 2019.  By our calculation, an answer or responsive pleading to the Complaint is due to be filed today.

SDC contends that Plaintiff's claims are subject to a binding arbitration provision and, accordingly, we have advised Plaintiff that SDC will file a motion seeking to compel Plaintiff to arbitrate his claims and to stay these proceedings in accordance with and pursuant to Sections 3 and 4 of the Federal Arbitration Act (the "Motion to Compel").

Counsel for Plaintiff and SDC have conferred and agree that:  (i) SDC may have a one week extension, until July 31, 2019, by which to file its Motion to Compel; (ii) Plaintiff may have until August 30, 2019 by which to file it response to such a motion; and (iii) SDC may have until September 16, 2019, by which to file its reply in support of its Motion to Compel, if any.

The parties agree that enforceability of the arbitration provision is a threshold issue and that judicial resources and economy will be best served by deferring or staying any challenge to or consideration of the substantive merits of Plaintiff's claims at this time because, depending on the Court's ruling on the Motion to Compel, the issue of the substantive merits of Plaintiff's claims would be issues to be decided by an arbitrator.  *See Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d

142, 153 (S.D.N.Y. 2015) (matters related to the substance of plaintiff's claims are for the arbitrator to adjudicate).

Accordingly, subject to this Court's approval, the parties have further agreed that, if the Motion to Compel is denied, SDC will have twenty-one (21) days after entry of an Order denying the Motion to Compel to file an answer or a motion to dismiss to the Complaint, including, without limitation, raising any defenses or grounds for dismissal that Smile Direct may assert under Federal Rule of Civil Procedure 12.

Therefore, SDC respectfully requests that the Court enter an Order extending SDC's deadline by which to respond to the Complaint as set forth herein and providing that, should the Motion to Compel be denied, SDC shall have twenty-one (21) days after the entry of an Order denying the Motion to Compel in which to file an answer or motion to dismiss.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF, LLP

Michael J. Barrie

MJB:km

cc:   Justin Kuehn
      David Rammelt


SO ORDERED.

_____
THE HON. J. PAUL OETKEN
UNITED STATES DISTRICT COURT JUDGE

12535188 v1