# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

TAYLOR SOLLINGER, on behalf of himself
and all others similarly situated,

              Plaintiff,

  v.

SMILEDIRECTCLUB, LLC,

              Defendant.

------------------------------------- x

Civil Action No. 1:19-cv-05977

## AFFIDAVIT OF JUSTIN SKINNER IN SUPPORT OF REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SMILEDIRECTCLUB, LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS

The undersigned, hereby first duly sworn to oath, deposes and says, based upon my knowledge, information, and belief, as follows:

1. I am the Chief Technology Officer of Defendant SmileDirectClub, LLC ("SDC" or the "Company"). In that capacity, I have personal knowledge of the facts set forth herein.

2. I make this affidavit in support of the *Reply Memorandum of Law in Support of Defendant SmileDirectClub, LLC's Motion to Compel Arbitration and to Stay Proceedings* (the "Reply"), filed contemporaneously herewith. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion to Compel Arbitration and to Stay Proceedings* and/or the Reply.

3. There are two (2) ways in which to seek SDC's aligner services: (i) request an at-home kit to take the impressions necessary to have a treatment plan developed and evaluated; or (ii) attend an in-person appointment at a SmileShop where SDC takes digital images of the customer's mouth and develops a treatment plan.

12702110 v1

4. Plaintiff chose the latter option.

5. Plaintiff visited the Site on October 5, 2017, registered for a new SDC account, scheduled an in-person appointment at a SmileShop, and entered his credit card information.

6. Before he could complete the registration process, Plaintiff had to agree to SDC's Informed Consent, Terms and SmilePay by checking the following clickwrap box:

> ☐ I agree to SmileDirectClub's Informed Consent and Terms & SmilePay Conditions

7. Immediately adjacent to the check box were conspicuously-marked hyperlinks that would direct Plaintiff to each of the three (3) documents and contractual terms to which he was agreeing so that he could read, print and/or download each of the three (3) documents and review all of their terms.

8. Prior to Plaintiff's agreement to the terms of the documents, the box that would capture and record his assent was unchecked; in other words, Plaintiff had to agree affirmatively to the terms of the documents by first checking the box and then clicking on a button stating FINISH MY ACCOUNT to complete his registration.

9. If Plaintiff did not check on the box manifesting his assent and click on the FINISH MY ACCOUNT button, he could not register, and he could not become an SDC customer.

10. SDC's electronic records establish that Plaintiff affirmatively checked the box agreeing the Informed Consent at 2:08 p.m. (UTC) on October 5, 2017.

11. In addition, SDC's electronic records (which track all of the pages within the Site visited by Plaintiff) show that Plaintiff never once clicked on any of hyperlinks for the Informed Consent, Terms or SmilePay Conditions until September 2019.

12. Plaintiff did not have to, and did not, pay SDC for any services or other goods before assenting to the Terms and the Informed Consent.

13. Plaintiff attended his SmileShop appointment on October 5, 2017 at 9:39 p.m. (UTC) during which SDC took traditional and sophisticated photographs of Plaintiff's mouth that would be later used by Plaintiff's treating doctor to create Plaintiff's customized treatment plan.

14. SDC's tracking data shows that Plaintiff did not click on the hyperlinks for the Terms or the Informed Consent during his registration process.

15. Plaintiff did not look at the Terms and the Informed Consent until September 2019.

16. After a customer affirmatively checks this box agreeing to the Conditions, they must then select the "Finish My Account" option in order to complete the registration.

17. The full Informed Consent and Terms are presented to users as a hyperlink that, when clicked, will take the user to a separate screen that displays the full, conspicuous text of each of the policies.

18. Customers then have the option to read, download, and/or print the Conditions.

19. The ADR Provision is included in the Informed Consent and provides:

> AGREEMENT TO ARBITRATE – I hereby agree that any dispute regarding the products and services offered my SmileDirectClub and/or affiliated dental professionals, including but not limited to medical malpractice disputes, will be determined by submission to arbitration and not my lawsuit filed in any court, except claims within the jurisdiction of Small Claims Court, I understand that to initiate the arbitration, I must send a Demand for Arbitration via U.S. Mail, postage prepaid to Alex Fenkell, SmileDirectClub, LLC, Bank of America Plaza, 414 Union Str., 8th Floor, Nashville, TN 37219, Nashville, Tennessee 37203. The Demand for Arbitration must be in writing to all parties, identify each defendant, describe the claim against each party, and the amount of damages sought, and the names of the Patient and his/her attorney. I agree that the arbitration shall be conducted by a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the American Arbitration Association.

See **Exhibit 1** at p. 3.

20. When customers are presented with the consent screen, they have the ability to click on the Informed Consent hyperlink which would present them with the ADR Provision.

21. The Terms include the Jurisdiction Provision which applies "to any action based on or alleging a breach of the [Terms]" and provides that the Terms shall be "governed and construed in accordance with the laws of the State of Michigan."

22. The Terms govern the use of the Site "and the shopping and other services…offered on the Site."

23. I hereby affirm that I have read the Reply, and the factual statements contained therein are true and correct to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed this 3rd day of October, 2019, at _9:30 a.m._.

JUSTIN SKINNER

SWORN AND SUBSCRIBED before me this 3rd day of October, 2019.

_SMorgen____
Notary Public of the State of Tennessee

My commission expires: 9/7/2021

[Notary Seal: SARAH MORGENSTERN — TENNESSEE NOTARY PUBLIC — My Comm Exp. September 7, 2021 — COUNTY OF DAVIDSON]