

Michael J. Barrie
39 Broadway, 25th Floor
New York, NY 10006-3039
Direct Dial:  302.442.7010
Fax:  302.442.7012
mbarrie@beneschlaw.com

November 4, 2019

**BY CM/ECF and Federal Express**

The Honorable J. Paul Oetken
United States District Judge
United States District Court for the Southern
    District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Sollinger v. SmileDirectClub, LLC*, Case No.. 19-cv-5977-JPO; Opposition to Letter Motion - Request for Oral Argument

Dear Judge Oetken:

We are counsel for SmileDirectClub, LLC ("SDC") in the above-referenced action. We write to oppose, in part, Plaintiff Taylor Sollinger's letter motion. While SDC takes no position on oral argument, SDC opposes Plaintiff's request to submit a surreply.

Courts in the Southern District of New York seldom permit surreplies, unless "new evidence is presented in a party's reply brief or affidavit in further support to its summary judgment motion…." *Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996). This broad language has limits, however. Surreplies are not permitted if reply papers "properly address new material issues raised in the opposition papers…." This principal is tempered even more in that a request to file a surreply is "less compelling where the reply brief, in responding to the opposition brief, 'does not spring upon the opposing party new reasons for the entry of summary judgment.'" *Id.*

Both of these limitations on surreplies weigh against Plaintiff's request. It was Plaintiff's Opposition to Motion to Compel Arbitration (the "Opposition") that raised—for the first time—that Plaintiff "did not recall" ever clicking on or reading the terms of the Informed Consent, which set forth the arbitration clause at issue in bold and conspicuous letters. (Sollinger Aff. ¶5. [D.I. 16.])  Additionally, the Opposition inaccurately described the SDC registration process. Accordingly, the affidavit submitted by SDC with the Reply Memorandum in Support of the Motion to Compel Arbitration and to Stay Proceedings focused on those newly raised arguments.

Because the Opposition raised these arguments for the first time, SDC had a right to address this new material in its reply. *See, e.g.*, *Bonnie & Co. Fashions*, 945 F. Supp. at 708. Simply replying to those new arguments as is SDC's right does not, as Plaintiff now suggests, open the

door to never-ending briefing. Furthermore, the issues raised by SDC in response to the new materials submitted by Plaintiff in the Opposition, did not "spring upon" Plaintiff any new reasons for granting SDC's Motion to Compel Arbitration and to Stay Proceedings. Instead, SDC's argument in favor of the Motion to Compel Arbitration and to Stay Proceedings remains the same: SDC's arbitration agreement is simple, clear, and conspicuous; and Courts have routinely upheld clickwrap agreements identical to the one used by SDC.

For these reasons, SDC respectfully requests that Plaintiff's request to submit a surreply be denied. Counsel is available should the Court have any questions.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Michael J. Barrie

cc: Counsel for Plaintiff (Via ECF)

12787699 v1